IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TEHGRAIN JAMAL JONES,      )
                                )
       Petitioner,        )
                                )
v.                             )      Civil Action No. 3:15CV265–HEH
                                )
DIRECTOR OF THE VA       )
DEPARTMENT OF CORRECTIONS,  )
                                )
       Respondent.      )

## MEMORANDUM OPINION
### (Granting Motion to Dismiss)

Tehgrain Jamal Jones, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1). The matter is before the Court on a Respondent's Supplemental Motion to Dismiss. For the reasons set forth below, the Supplemental Motion to Dismiss (ECF No. 26) will be granted.

### I. Procedural History and Jones's Claims

Jones was convicted in the Circuit Court of the City of Norfolk, Virginia ("Circuit Court") of one count of robbery, two counts of use of a firearm in the commission of a felony, one count of carjacking, and two counts of conspiracy. *Commonwealth v. Jones*, No. CR10003236, at 1 (Va. Cir. Ct. Apr. 26, 2012). The Circuit Court sentenced Jones to a total sentence of 65 years, with 40 years suspended. *Id.* at 2.[1]

---

[1] On March 25, 2012, prior to his sentencing in the Circuit Court, Jones filed a § 2254 petition in this Court. *See Jones v. Virginia*, No. 3:12CV230–HEH, 2013 WL 4523489, at *1 (E.D. Va. Aug. 26, 2013). On August 26, 2013, the Court dismissed the § 2254 petition without prejudice because Jones had not exhausted his state court remedies. *Id.* at *2–3.

Jones appealed his convictions. The Court of Appeals of Virginia summarized the

evidence of Jones's guilt as follows:

> [T]he evidence proved that on January 23 and 24, 2010, James Smith received several phone calls from "Little Redge" asking Smith to meet Little Redge at a shopping center to sell shoes to Little Redge's cousin. Smith operated an online business, selling clothes and shoes and delivering merchandise from his van to his customers.
>
> Smith arrived at the shopping center at approximately 2:00 p.m. on January 24, 2010, and stepped outside of his van to chat with friends as he waited for Little Redge. A short time later, appellant and two other individuals approached Smith. Appellate stopped about twelve feet from Smith while the other two men positioned themselves "strategically" around Smith. After Little Redge walked past Smith and his van, Smith became concerned for his safety.
>
> Appellant yelled to Smith, "Get in the van." Smith responded, "No, I'm not getting in the van." Appellant lifted his shirt, revealing a handgun, and repeated his demand. After Smith refused again, appellant stated, "Give me the f—king keys." Smith threw the keys on the ground, backed away from the scene, and called the police from a nearby business. When police recovered the van several days later, Smith's merchandise had been removed from the van, but more than a dozen cigarette butts bearing appellant's DNA were recovered.
>
> Smith identified appellant as one of the perpetrators from a photographic lineup, and appellant was arrested. When appellant spoke with Detective J. Baron, appellant admitted planning the robbery with Little Redge, a/k/a Reginald Weaver, and Raymond Rainey, a/k/a "Bones," and another individual. Appellant appeared at the time and place of the meeting with Smith, arranged by Little Redge, and approached Smith with the other men. Appellant denied having a firearm, however, and also denied taking Smith's keys and leaving the scene in Smith's van. Upon Detective Baron's presenting appellant with two photo arrays, appellant identified Bones and Little Redge. Appellant told Detective Baron that he and his accomplices "just wanted the shoes" in the van.
>
> At trial, Detective Baron's notes of his interview with appellant were admitted into evidence. Nevertheless, appellant denied making most of the statements and identifying his accomplices in the photo arrays.

*Jones v. Commonwealth*, No. 1182–12–1, at 2-3 (Va. Ct. App. Dec. 6, 2012). The Court

of Appeals of Virginia denied the petition for appeal. *Id.* at 7. On May 6, 2013, the

2

Supreme Court of Virginia refused Jones's petition for appeal. *Jones v. Commonwealth*, No. 130038, at 1 (Va. May 6, 2013).

On October 2, 2013, Jones filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Jones v. Dir., Va. Dep't of Corr.*, No. 131543 (Va. filed Oct. 2, 2013). On November 5, 2013, the Supreme Court of Virginia dismissed Jones's petition pursuant to *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974), because Jones could have but failed to raise his claims on direct appeal. *Jones v. Dir., Va. Dep't of Corr.*, No. 131543, at 1 (Va. Nov. 5, 2013).

On January 21, 2014, Jones filed a Motion to Vacate Void Judgment in the Circuit Court. Motion to Vacate Void Judgment, *Jones v. Commonwealth*, No. CL14–483 (Va. Cir. Ct. filed Jan. 21, 2014). The Commonwealth opposed Jones's Motion, arguing that the Circuit Court lacked jurisdiction to consider the Motion because, under Rule 1:1 of the Rules of the Supreme Court of Virginia, the Circuit Court "lost jurisdiction to modify or vacate the [sentencing] order" when twenty-one (21) days had passed from entry of the sentencing order. Response in Opposition to Motion to Vacate at 2, *Jones v. Commonwealth*, No. CL14–483 (Va. Cir. Ct. filed Mar. 10, 2014) (citation omitted). On March 31, 2014, the Circuit Court denied Jones's Motion "because none of the allegations contained therein would render the judgment void." *Jones v. Commonwealth*, No. CL14–483, at 1 (Va. Cir. Ct. Mar. 31, 2014). Jones appealed. On August 29, 2014, the Supreme Court of Virginia refused Jones's appeal. (*See* Supp. Br. Supp. Mot. Dismiss at 15 n.15.)

3

On January 8, 2015, Jones filed a second petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1, *Jones v. Va. Dep't of Corr.*, No. 150037 (Va. filed Jan. 8, 2015). On April 10, 2015, the Supreme Court of Virginia dismissed Jones's petition as time-barred. *Jones v. Va. Dep't of Corr.*, No. 150037, at 1 (Va. Apr. 10, 2015).

On April 23, 2015, Jones filed his § 2254 Petition in this Court.[2] (§ 2254 Pet. 16.) In his § 2254 Petition, Jones raises the following claims for relief:

Claim One:     "Ineffective assistance of counsel in violation of due process that is constitutionally defective through the Fifth, Sixth, and Fourteenth Amendment[s], resulting in the conviction of one who is actually innocent," because of counsel's failure to:
a. "[F]ile a motion to dismiss all charges or a motion for an instructed verdict of acquittal based on the insufficiency of the evidence for the Commonwealth's failure to prove guilt beyond a reasonable doubt" (Br. Supp. § 2254 Pet. 1, ECF No. 1–2);[3]
b. Present an article from the *Virginia Pilot* in which a spokesperson for the Norfolk Police Department stated that carjacking is not recognized as a crime (*id.* at 2); and,
c. "[H]old the prosecution to its heavy burden of proof beyond a reasonable doubt on the carjacking and robbery" (*id.* at 3).

Claim Two:     "Ineffective assistance of counsel in violation of due process for counsel's failure to object and produce evidence contradicting the Commonwealth's version of the facts that is constitutionally defective through the Fifth, Sixth, and Fourteenth Amendments[s]," because of counsel's failure to:

---

[2] This is the date that Jones states he placed his § 2254 Petition in the prison mailing system for mailing to this Court. The Court deems this the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] The Court employs the pagination assigned to the Brief in Support of the § 2254 Petition by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in quotations from Jones's submissions. The Court removes the emphasis from Jones's submissions.

> **a.** "[O]bject and present evidence of the Commonwealth's knowing uses of perjured testimony and contradictory evidence" (*id.* at 4);
> **b.** "[O]bject to the failure of the Commonwealth to disclose exculpatory and impeachment evidence" and to "ask for a continuance to prepare a defense for it" (*id.* at 5); and,
> **c.** "[O]bject to the use of or file a suppression motion concerning Reginald Weaver's alleged statement and Baron's testimony and exhibits and statements" (*id.* at 6).

Claim Three:     "Ineffective assistan[ce] of counsel at the sentencing phase for counsel's failure to prepare, advocate and observe a duty of zealous and loyal representation in violation of due process."
(*Id.* at 7.)

Claim Four:      "Ineffective assistance of appellate counsel for refusing to put any of Jones's claims in his direct appeal in violation of due process." (*Id.* at 8.)

Claim Five:      "Extrinsic fraud on the Court by the Commonwealth's intentional and knowing failure to disclose evidence and knowing use of perjured testimony in violation of due process as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution; resulting in the conviction of one who is actually innocent." (*Id.* at 9.)

Claim Six:       "Knowing use of perjured testimony in violation of due process resulting in the conviction of one who is actually innocent." (*Id.* at 12.)

Claim Seven:     "Extrinsic fraud on the court by the prosecution's false representation of material fact with intent to mislead, which prevented Defendant in judgment from obtaining benefit of his defense, by indicting Jones under the pretense of a fabricated victim or obtaining a search warrant and indictment under false representation and the complaint fails to allege facts upon which subject matter jurisdiction can be based." (*Id.* at 15.)

On July 27, 2015, Respondent moved to dismiss on the grounds that the one-year statute of limitations governing federal habeas petition bars the § 2254 Petition and that

Jones's claims were not properly exhausted. (Supp. Br. Supp. Mot. Dismiss 3–5, ECF No. 11.) By Memorandum Order entered on January 15, 2016, the Court denied Respondent's motion to dismiss without prejudice. (ECF No. 21, at 1.) With respect to the timeliness of Jones's § 2254 Petition, the Court noted that

> Jones filed a Motion to Vacate in the Circuit Court and appealed the dismissal of his Motion to Vacate. If the Motion to Vacate Void Judgment tolled the limitation period pursuant to 28 U.S.C. § 2244(d)(2), Jones's § 2254 Petition would not be barred by the federal statute of limitations. Nevertheless, Respondent makes no effort to explain why the limitation period was not tolled during the pendency of the proceedings on the Motion to Vacate.

(*Id.* at 1–2 (internal citation omitted).) Respondent also failed to address "Jones's contention that any default of his claims is attributable to the ineffective assistance of counsel." (*Id.* at 2 (citations omitted).) The Court directed Respondent to file a new response to Jones's § 2254 Petition, within thirty days, that addressed the merits of Jones's claims as well as any procedural defenses Respondent wished to raise. (*Id.* at 3.)

Respondent filed a supplemental motion to dismiss on grounds that Jones's claims lack merit, that his § 2254 Petition is barred by the statute of limitations,[4] and that his

---

[4] Respondent argues that Jones's § 2254 Petition is time-barred because his Motion to Vacate, filed in the Circuit Court, "was an untimely challenge to the criminal conviction which did not toll the federal statute of limitations." (Supp. Br. Supp. Mot. Dismiss 16.) In its opposition to Jones's Motion to Vacate, the Commonwealth asserted that the motion was untimely pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia. Resp. Opp. Mot. Vacate at 2, *Jones v. Commonwealth*, No. CL14-483 (Va. Cir. Ct. filed Mar. 7, 2014). Rule 1:1 provides that "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Va. Sup. Ct. R. 1:1. Respondent argues that although the Circuit Court did not expressly cite Rule 1:1 in its Order denying Jones's Motion to Vacate, "[w]hen read in conjunction with the Commonwealth's . . . motion to dismiss, which the order cited, it is clear that the order applied Rule 1.1" (Supp. Br. Supp. Mot. Dismiss 16.) The Circuit Court's Final Order denying Jones's Motion to Vacate stated: "Upon mature consideration of the motion to vacate filed by the petitioner herein, and the response in opposition to that motion

claims are defaulted.[5] (Supp. Br. Supp. Mot. Dismiss 2-17, ECF No. 28.) Jones has filed

a Motion for Partial Summary Judgment (ECF No. 30), a Motion Opposing Supplemental

Brief and Motion for Summary Judgment (ECF No. 31), and a Motion Requesting a

Ruling on his Pending Motions For Summary Judgment (ECF No. 33). Respondent has

filed a Reply. (ECF No. 32.) As explained below, Jones's claims lack merit.

## II. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a convicted defendant must

show, first, that counsel's representation was deficient and, second, that the deficient

performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687

(1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant

must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within

---

filed by the Commonwealth, the Court denies the motion to vacate because none of the allegations contained therein would render the judgment void." *Jones v. Commonwealth*, No. CL14–483, at 1 (Va. Cir. Ct. Mar. 31, 2014). Thus, the Circuit Court denied Jones's Motion to Vacate on the merits, not because it was untimely filed. Respondent has not provided, and the Court has not located, any law suggesting that the mere reference to an opposition arguing untimeliness renders a petitioner's motion not "properly filed" for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2). Respondent "agrees with the Court's previous conclusion that if this pleading was a 'properly filed' postconviction challenge, Jones's federal petition now before the Court would be timely." (Supp. Resp. Supp. Mot. Dismiss 15 n.15.) Given Respondent's failure to demonstrate that the Motion to Vacate was not properly filed, the Court declines to find that Jones's § 2254 Petition is barred by the federal limitation period.

[5] With respect to procedural default, Respondent merely argues that "*Martinez* [*v. Ryan*, 132 S. Ct. 1309 (2012)] does not excuse a petitioner's failure to comply with the federal statute of limitations. . . . Consequently, because this action is time-barred under federal law, the Court need not reach the *Martinez* issue." (Supp. Br. Supp. Mot. Dismiss 16–17.) However, as discussed *supra*, the Court has concluded that Jones is entitled to statutory tolling for the period during which his Motion to Vacate and appeal therefrom was pending, thus rendering his § 2254 Petition timely filed. Given the absence of any briefing by Respondent on the issue of procedural default, "judicial economy warrants that the Court address the merits of [Jones's] claims." *Daniels v. Hinkle*, No. 3:11CV675, 2012 WL 2792199, at *1 (E.D. Va. July 9, 2012) (citing *Yeatts v. Angelone*, 166 F.3d 255, 261 (4th Cir. 1999)).

the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577,

588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689).  The prejudice component

requires a defendant to "show that there is a reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different.  A

reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Strickland*, 466 U.S. at 694.  In analyzing ineffective assistance of counsel

claims, it is not necessary to determine whether counsel performed deficiently if the

claim is readily dismissed for lack of prejudice.  *Id.* at 697.

### A. Trial Counsel

#### 1. Counsel's Performance Before Sentencing

In Claim One (a), Jones alleges that counsel was ineffective for failing to "file a

motion to dismiss all charges or a motion for an instructed verdict of acquittal based on

the insufficiency of the evidence for the Commonwealth's failure to prove guilt beyond a

reasonable doubt." (Br. Supp. § 2254 Pet. 1.)  Specifically, Jones faults counsel for

"failing to make an objection to the trial court error lacking subject matter jurisdiction in

its failure to act in the way that the law mandates, finding Jones guilty of use of a firearm

after it found him not guilty of possession of a firearm." (*Id.* (citation omitted).)

At the conclusion of the bench trial, the Circuit Court "dismiss[ed] the charge of

feloniously and intentionally possessing or transporting a firearm after having previously

been convicted of a violent felony." (Sept. 27, 2011 Tr. 157–58.)  In doing so, the Circuit

Court was "not persuaded that there's evidence beyond a reasonable doubt of what, in

fact, Mr. Jones may have possessed or whether another actually possessed it." (Sept. 27,

8

2011 Tr. 158.) Jones now argues that because the Circuit Court dismissed the possession of a firearm charge, he could not be found guilty of the use of a firearm in the commission of a felony charges. In Virginia, however, "[i]f the accused did not actually hold or possess the firearm, he may 'nevertheless be convicted as a principal in the second degree of the use of a firearm in the commission of a felony where he acted in concert with the gunman.'" *Paiz v. Commonwealth*, 682 S.E.2d 71, 75 (Va. Ct. App. 2009) (quoting *Carter v. Commonwealth*, 348 S.E.2d 265, 267 (Va. 1986); *Cortner v. Commonwealth*, 281 S.E.2d 908 (Va. 1981)). Moreover, the dismissal of the felon in possession charge had no effect on the other charges. Jones admitted to police that he had participated in the robbery and carjacking with his two codefendants. (*See* Sept. 27, 2011 Tr. 60-63.) Any argument by counsel that dismissal of all charges based upon the dismissal of the felon in possession charge would have been meritless, and counsel cannot be faulted for failing to raise a meritless claim. *See United States v. Moore*, 934 F. Supp. 724, 731 (E.D. Va. 1996). Jones has failed to demonstrate deficient performance of counsel or resulting prejudice. Accordingly, Claim One (a) is hereby DISMISSED.

In Claim One (b), Jones suggests that counsel was ineffective for failing to present as evidence an article from the *Virginia Pilot* in which a spokesperson for the Norfolk Police Department stated that carjacking is not recognized as a crime of violence. (Br. Supp. § 2254 Pet. 2.) The article in question, published on July 29, 2009, stated: "In Norfolk, 'carjacking' is not a recognized term, wrote police spokeswoman Karen Parker-Chesson in an e-mail. 'Carjacking however is not recognized as a crime, nor can a

person be convicted of carjacking.'" (§ 2254 Pet. Ex. 1, ECF No. 1–3 at 1.) Jones

contends that "[t]his evidence established that Norfolk did not have jurisdiction to arrest,

indict or find Jones guilty of carjacking." (Br. Supp. § 2254 Pet. 2.) He argues that he

"was prejudiced because Counsel failed to present this article as evidence, discover the e-

mail or call Karen Parker-Chesson as a witness on the defense's behalf." (*Id.*) Section

18.2–58.1 of the Virginia Code, however, explicitly criminalizes carjacking anywhere in

Virginia. Va. Code Ann. § 18.2-58.1 (West 2016); *see also Morley v. Clarke*,

No. 2:15CV134, 2016 WL 3360421, at *1 (E.D. Va. Apr. 22, 2016) (denying federal

habeas relief to a petitioner convicted of, *inter alia*, carjacking in the Circuit Court for the

City of Norfolk, Virginia), *Report and Recommendation adopted by* 2016 WL 3360497

(E.D. Va. June 14, 2016). This article has no legal bearing on whether Jones could be

convicted under Virginia law of carjacking. Counsel cannot be faulted for failing to raise

a meritless claim. *See Moore*, 934 F. Supp. at 731. Because Jones has failed to

demonstrate deficient performance of counsel or resulting prejudice, Claim One (b) will

be dismissed.

In Claim One (c), Jones faults counsel for "fail[ing] to hold the prosecution to its

heavy burden of proof beyond a reasonable doubt on the carjacking and robbery." (Br.

Supp. § 2254 Pet. 3, ECF No. 1–2.) Specifically, Jones argues that "[c]ounsel should

have filed a motion for an instructed verdict of acquittal based on insufficiency of the

evidence." (*Id.* at 4.) Jones faults counsel for failing to argue that he was "actually

innocent of robbery because he never took property from the victim at all, let alone by

violence or intimidation." (Br. Supp. § 2254 Pet. 3.) He also contends that "counsel

should have argued that there was no violence or force used to commit the robbery with no evidence that a firearm was used." (*Id.* at 4.)

The record, however, demonstrates that counsel made a motion to strike at the conclusion of the Commonwealth's evidence challenging the sufficiency of the evidence. (Sept. 27, 2011 Tr. 109–13.) Specifically, counsel argued that there was no evidence that Jones committed a carjacking because Jones never took possession of the keys. (Sept. 27, 2011 Tr. 109–11.) Counsel also argued that, with respect to the robbery charge, "there hasn't been any taking." (Sept. 27, 2011 Tr. 111–12.) The Circuit Court denied counsel's motion. (Sept. 27, 2011 Tr. 120.) After the Commonwealth presented rebuttal evidence, counsel renewed the motion to strike. (Sept. 27, 2011 Tr. 140–41.) The Circuit Court again denied the motion. (Sept. 28, 2011 Tr. 142.) Counsel twice made the exact arguments that Jones now faults him for not raising. Thus, Jones demonstrates no deficiency of counsel. Moreover, given the abundant evidence of his guilt, Jones cannot demonstrate prejudice. Accordingly, Claim One (c) will be dismissed.

In Claim Two (a), Jones asserts that counsel was ineffective for failing to "object [to] and present evidence of the Commonwealth's knowing uses of perjured testimony and contradictory evidence." (Br. Supp. § 2254 Pet. 4.) Jones first claims that counsel failed to present evidence to establish that a search warrant related to his criminal proceedings identified the victim as "Jeremiah Johnson-Rivera," not James Smith, who testified at trial. (*Id.*) Counsel was aware, however, that this was a typographical error. (Br. Supp. Mot. Dismiss Ex. 1 ("Purkey Aff.") ¶ 2, ECF No. 28–1.) Jones has failed to articulate how raising this issue would have benefitted his defense. Moreover, given the

overwhelming evidence of his guilt, Jones has failed to demonstrate that counsel's failure to present any evidence with respect to this discrepancy prejudiced him in any way.

Jones also contends that counsel was ineffective for failing to present evidence that the vehicle which he allegedly carjacked "was reported stolen by Tomeka Wallace at 1345 hours, thirty minutes before the Commonwealth's representation that at 1415 hours James P. Smith was carjacked." (Br. Supp. § 2254 Pet. 4.) However, Wallace, the owner of the van, was Smith's girlfriend, and "she allowed Mr. Smith to use the van at the time the offenses occurred." (Purkey Aff. ¶ 4.) Jones's attorneys "were provided with a copy of the tow sheet during discovery, which clearly listed the owner of the vehicle." (*Id.*) Moreover, the "reports generally list a time 15-30 minutes before the time of the offense as the 'last known secure' time, just as a point of reference for reports." (*Id.* ¶ 3.) Counsel cannot be faulted for failing to raise a meritless claim. *See Moore*, 934 F. Supp. at 731. Moreover, given the evidence against him, Jones fails to demonstrate that counsel's decision to not raise these arguments prejudiced him in any way. Accordingly, Claim Two (a) will be dismissed.

In Claim Two (b), Jones contends that counsel was ineffective for failing to "object to the failure of the Commonwealth to disclose exculpatory and impeachment evidence" and to "ask for a continuance to prepare a defense to it." (Br. Supp. § 2254 Pet. 5.) Jones's claim refers to the fact that during trial, Smith, the victim, "contradicted his preliminary hearing testimony that Jones never said, 'Give me your keys' and testified that Jones did make a demand for his keys." (*Id.*) During cross-examination, however, Jones's counsel specifically questioned Smith with respect to his inconsistent statements.

12

(Sept 28, 2011 Tr. 45–46.) Counsel therefore knew of the statement Smith had given at the preliminary hearing, and impeached Smith with that statement during trial. Jones fails to describe what more he believes counsel should have done and how a continuance would have helped his defense. Thus, Jones fails to demonstrate deficiency of counsel or resulting prejudice. Accordingly, Claim Two (b) will be dismissed.

In Claim Two (c), Jones alleges that counsel was ineffective for failing to "object to the use of or file a suppression motion concerning Reginald Weaver's alleged statement and Baron's testimony and exhibits and statements." (Br. Supp. § 2254 Pet. 6.) At trial, the Commonwealth called Reginald Weaver as a witness. (Sept. 28, 2011 Tr. 107.) However, Weaver was "unwilling to testify" without talking to his attorney. (Sept. 28, 2011 Tr. 109.) The only reference to Weaver's statement to police was when Detective Baron testified that, from her interview with Weaver, she developed Jones as a suspect. (Sept. 28, 2011 Tr. 54–55.) Jones fails to explain why trial counsel should have objected to this testimony, or how any failure to object prejudiced him. Accordingly, Claim Two (c) will be dismissed.

### 2. Counsel's Performance at Sentencing

In Claim Three, Jones contends that counsel was ineffective "at the sentencing phase for counsel's failure to prepare, advocate and observe a duty of zealous and loyal representation in violation of due process." (Br. Supp. § 2254 Pet. 7.) Jones argues that counsel "did not want to help Jones and it is clear by his statements." (*Id.* at 8.) According to Jones, counsel "was never an active advocate, zealous and loyal for Jones, a violation of the Sixth Amendment." (*Id.*)

At sentencing, counsel Thomas Reed set forth several arguments on Jones's behalf "with respect to dismissing all of the charges." (Apr. 19, 2012 Tr. 6.) First, Jones requested that Reed raise an argument that his convictions for robbery and carjacking should be overturned because "the intent to steal did not coexist with the force, threat, or intimidation. (Apr. 19, 2012 Tr. 10.) Reed also argued, on behalf of Jones, "that [Jones] was denied his Sixth Amendment right of confrontation when Reginald Weaver took the stand and refused to testify." (Apr. 19, 2012 Tr. 10.) Reed also contended "that the Commonwealth encouraged . . . the victim to testify untruthfully with regard to whether or not the defendant told him to throw down the keys by virtue of the fact or in part because the victim was still in the courtroom when Ms. Purkey made her opening statement." (Apr. 19, 2012 Tr. 11.) Finally, Reed asked the Circuit Court to "seriously consider the robbery, the firearm, and the conspiracy with respect to the shoes in the van [because] there was no separate threat of violence with respect to the shoes . . . ." (Apr. 19, 2012 Tr. 14.)

From the record, it is clear that counsel zealously advocated on behalf of Jones at sentencing. Jones fails to identify what more he believes counsel should have done at sentencing. Jones demonstrates neither deficiency or counsel nor resulting prejudice. Thus, Claim Three will be dismissed.

### B. Appellate Counsel

In Claim Four, Jones contends that appellate counsel was ineffective "for refusing to put any of Jones's claims in his direct appeal in violation of due process." (Br. Supp. § 2254 Pet. 8.) According to Jones, he "sent [appellate counsel] a letter listing several

14

claims that he felt should be raised. Included were claims that the Commonwealth knowingly used false testimony; failure to disclose evidence; ineffective assistance of counsel; prosecutorial misconduct; trial court error; constitutional and due process violations. Counsel rejected the suggested claims." (*Id.*)

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate" that appellate counsel performed deficiently and that a reasonable probability of a different result exists. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (citing *Strickland*, 466 U.S. at 688, 694). Counsel had no obligation to assert all non-frivolous issues on appeal. Rather, "'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983)). A presumption exists that appellate counsel "'decided which issues were most likely to afford relief on appeal.'" *Bell*, 236 F.3d at 164 (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). "'[O]nly when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).

As an initial matter, Jones's conclusory allegations regarding appellate counsel, without any factual support, fail to establish any deficiency or counsel or resulting prejudice. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding denial of a habeas petition appropriate where it "stated only bald legal conclusions with no supporting factual allegations"). To the extent that Jones faults counsel for not raising the claims

15

Jones now raises in his § 2254 Petition, the undersigned has determined, as discussed *supra* in Part B.1 and *infra* in Part C, that those claims lack merit. Thus, Jones cannot demonstrate prejudice. *See Bell*, 236 F.3d at 164 (citation omitted). Jones has simply not met his burden to demonstrate that these various arguments would have been stronger than those counsel chose to present on appeal. *See id.* (citation omitted).[6] Because Jones has demonstrated neither deficiency of appellate counsel nor resulting prejudice, Claim Four will be dismissed.

### III. Prosecutorial Misconduct

In Claim Five, Jones alleges that the Commonwealth committed "extrinsic fraud on the court by . . . intentionally and knowingly fail[ing] to disclose evidence and knowing use of perjured testimony in violation of due process as guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution." (Br. Supp. § 2254 Pet. 9.) Jones first contends that the Commonwealth violated *Brady v. Maryland*, 373 U.S. 83 (1963), when it failed to disclose the victim's statement, made during the preliminary hearing, that Jones had not made any demand for the victim's keys. (Br. Supp. § 2254 Pet. 9–10.)

*Brady* and its progeny "require[] a court to vacate a conviction and order a new trial if it finds that the prosecution suppressed materially exculpatory evidence." *United States v. King*, 628 F.3d 693, 701 (4th Cir. 2011). Accordingly, in order to obtain relief under *Brady*, a litigant must "(1) identify the existence of evidence favorable to the accused; (2) show that the government suppressed the evidence; and (3) demonstrate that

---

[6] On appeal, counsel argued that the "evidence was insufficient to support [Jones's] convictions." *Jones v. Commonwealth*, No. 1182-12-1, at 1 (Va. Ct. App. Dec. 6, 2012).

the suppression was material." *Id.* (citing *Monroe v. Angelone*, 323 F.3d 286, 299 (4th

Cir. 2003)). However, as discussed *supra* in Part B.1.a, during trial, Jones's counsel

impeached Smith with respect to his inconsistent statements. (Sept 28, 2011 Tr. 45–46.)

The United States Court of Appeals for the Fourth Circuit "ha[s] explained that

information actually known by the defendant falls outside the ambit of the *Brady* rule."

*United States v. Roane*, 378 F.3d 382, 402 (4th Cir. 2004) (citation omitted). Because

Smith's prior statement was actually known by Jones's defense, no *Brady* violation

occurred.

Jones also contends that the Commonwealth violated *Brady* by failing to disclose

an exculpatory statement that co-defendant Reginald Weaver made to the police. (Br.

Supp. § 2254 Pet. 11–12.) Specifically, Jones alleges that Weaver's statement

"implicat[ing] Jones as the gunman" was exculpatory because "it [was] relevant to

Jones's role in [the] conspiracy, and would have allowed the defense to investigate

[Weaver's] involvement." (*Id.* at 12.) By Jones's own admission, Weaver's statement

implicating Jones as the gunman was inculpatory, not exculpatory, and therefore was not

"subject to constitutional requirements of disclosure under *Brady*." *Gardner v. Dixon*,

No. 91-4010, 1992 WL 119879, at *9 (4th Cir. June 4, 1992).

In sum, the Commonwealth did not commit any violations of *Brady* with respect

to Smith's and Weaver's statements. Accordingly, Claim Five will be dismissed.

In Claim Six, Jones contends that the Commonwealth violated his rights by its

"knowing use of perjured testimony in violation of due process resulting in the conviction

of one who is actually innocent." (Br. Supp. § 2254 Pet. 12.) Specifically, Jones argues

17

that "the prosecutor elicited false testimony when she encouraged and allowed the victim to testify that a demand for his keys w[as] made." (*Id.* at 13.) Jones also sets forth other inconsistencies between Smith's testimony at the preliminary hearing and his testimony at trial. (*Id.* at 13.)

To prove a violation of due process based on false testimony, a petitioner must prove his conviction was "obtained through use of false evidence, known to be such by representatives of the State." *Napue v. Illinois*, 360 U.S. 264, 269 (1959) (citations omitted); *see United States v. Tanner*, 61 F.3d 231, 236 (4th Cir. 1995) (requiring a defendant to prove "the prosecution knew or should have known at trial" that testimony was false in order to establish a due process violation (citing *Napue*, 360 U.S. at 269)). A convicted defendant bears a "heavy burden" in demonstrating that a witness testified falsely. *United States v. Griley*, 814 F.3d 967, 971 (4th Cir. 1987). Mere variations or inconsistencies in a witness's testimony fail to demonstrate the witness testified falsely, much less that the prosecution knew the witness testified falsely. *Tanner*, 61 F.3d at 236; *Griley*, 814 F.2d at 971 (citing *Overton v. United States*, 450 F.2d 919, 920 (5th Cir. 1971)).

Although Jones lists several purported false statements made by Smith (*see* Br. Supp. § 2254 Pet. 13), he fails to demonstrate that these statements were false, much less that the prosecution knew the statements to be false. Because Jones fails to demonstrate that the prosecution knowingly used false testimony, Claim Six will be dismissed.

In Claim Seven, Jones states in a confusing manner:

18

> Extrinsic fraud on the court by the prosecution's false representation of material fact with intent to mislead, which prevented Defendant in judgment from obtaining benefit of his defense, by indicting Jones under the pretense of a fabricated victim or obtaining a search warrant and indictment under false representation and the complaint fails to allege facts upon which subject matter jurisdiction can be based.

(Br. Supp. § 2254 Pet. 15.) Jones first alleges that Detective Baron "fraudulently induced the magistrate to sign the search warrant of phone records [and] [t]hen fraudulently induced the Grand Jury by fabricating a victim." (*Id.*) The search warrant for the phone records referred to "Jeremiah Johnson-Rivera" as the victim, rather than James Smith. (*Id.*) However, "[t]his was a typographical error, due to copying of information from a prior affidavit unrelated to Mr. Jones's case." (Purkey Aff. ¶ 2.) Jones, however, fails to demonstrate that this misnomer "was critical to the probable cause determination." *Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). Jones also fails to demonstrate how this typographical error prejudiced him in any way.

Jones also asserts that the Circuit Court lacked subject matter jurisdiction over his criminal proceedings because the "elements that constitute robbery and carjacking [were] not established." (Br. Supp. § 2254 Pet. 16.) Jones bases his argument on the victim's preliminary hearing testimony, during which the victim testified that Jones never made a demand for the keys. (*Id.*) Jones also argues that the Circuit Court lacked subject matter jurisdiction because "[t]he victim was altered and the indictment was not founded on a complaint in writing sworn to by a competent witness, as required by Code 1887, § 3990 (Va. Code 1904, p. 2099.)" (*Id.*) Jones further contends that the Circuit Court "did not have active jurisdiction because the service of process was not fair and created under

false pretense." (*Id.*) Jones's claim, however, "rests solely upon an interpretation of Virginia's case law and statutes, [and] it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998) (citation omitted). Accordingly, Claim Seven will be dismissed.

## IV. Conclusion

For the foregoing reasons, the Court will grant Respondent's Supplemental Motion to Dismiss (ECF No. 26) and will dismiss Jones's claims. Jones's § 2254 Petition will be denied. Jones's Motion for Partial Summary Judgment (ECF No. 30) and Motion for Summary Judgment (ECF No. 31) will be denied. Jones's Motion Requesting Ruling on Pending Summary Judgment Motions (ECF No. 33) will be denied as moot. The action will be dismissed. The Court will deny a certificate of appealability.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: Aug 23, 2016
Richmond, Virginia

20